IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-02073-BNB

NORMAN SIMPSON,

    Plaintiff,

v.

MARK ALLISON, Individually and in his Official Capacity, Parole Officer of the Colorado
    Department of Corrections,
SHAWN DEEINGO, Individually and in his Official Capacity, Parole Officer Supervisor of
    the Colorado Department of Corrections,
WENDY KENDALL, Individually and in her Official Capacity, Parole Officer Supervisor
    of the Colorado Department of Corrections,
TIM HAND, Individually and in his Official Capacity, Director of Adult Parole of the
    Colorado Department of Corrections,
BIJOU TREATMENT & TRAINING INSTITUTE, Individually and in its Official Capacity,
    Contractor with the Colorado Department of Corrections,
BI INCORPORATED, Individually and in its Official Capacity, Contractor with the
    Colorado Department of Corrections,
RICK RAEMISCH, Individually and in his Official Capacity, Executive Director of the
    Colorado Department of Corrections,
JOHN DOE, Individually and in his Official Capacity, Administrative Hearing Officer'
    Under Contract with the Colorado Board of Parole, and
The COLORADO BOARD OF PAROLE AND EACH OF ITS MEMBERS, Individually
    and in their Official Capacities as Members of the Colorado Board of Parole,
    Defendants.

ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

    Plaintiff Norman Simpson currently is detained at the El Paso Criminal Justice Center in Colorado Springs, Colorado.  Plaintiff, acting *pro se*, initiated this action by filing a Prisoner Complaint pursuant to 42 U.S.C. § 1983 alleging that his civil rights were violated in connection with a pending revocation of his parole.  As relief he seeks declaratory and injunctive relief and money damages.  He has been granted leave to

proceed pursuant to 28 U.S.C. § 1915.

The Court must construe the Complaint liberally because Plaintiff is not represented by an attorney. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972); Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991). If the complaint reasonably can be read "to state a valid claim on which the plaintiff could prevail, [the Court] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." Hall, 935 F.2d at 1110. However, the Court should not be an advocate for a pro se litigant. See id. For the reasons discussed below, Plaintiff will be ordered to file an Amended Complaint if he wishes to pursue his claims in this action.

The Court has reviewed the Complaint and finds that it is deficient for various reasons.

Plaintiff asserts that he currently is subject to a revocation of his parole, but the revocation should be enjoined because he did not receive a sex offender evaluation from the Colorado Department of Corrections at the time of his release on parole in violation of Color. Rev. Stat. §§ 16-11.7-104 and 105(1) and the parole board also failed to accord full faith and credit to the State of Kansas sex offender evaluation that was conducted pursuant to a sexual battery conviction that occurred in Kansas in 1997. Plaintiff seeks injunctive relief prohibiting the revocation of his parole and declaratory relief requiring a sex offender evaluation. Plaintiff also seeks money damages.

Regardless of the relief sought, Plaintiff may not sue the Colorado Parole Board. The State of Colorado and its entities, such as the Colorado Parole Board, are protected by Eleventh Amendment immunity. See Will v. Michigan Dep't of State

*Police*, 491 U.S. 58, 66 (1989); *Meade v. Grubbs*, 841 F.2d 1512, 1525-26 (10th Cir. 1988). "It is well established that absent an unmistakable waiver by the state of its Eleventh Amendment immunity, or an unmistakable abrogation of such immunity by Congress, the amendment provides absolute immunity from suit in federal courts for states and their agencies." *Ramirez v. Oklahoma Dep't of Mental Health*, 41 F.3d 584, 588 (10th Cir. 1994), *overrruled on other grounds by Ellis v. University of Kansas Med. Ctr.*, 163 F.3d 1186 (10th Cir. 1998). The State of Colorado has not waived its Eleventh Amendment immunity, *see Griess v. Colorado*, 841 F.2d 1042, 1044-45 (10th Cir. 1988), and congressional enactment of § 1983 did not abrogate Eleventh Amendment immunity, *see Quern v. Jordan*, 440 U.S. 332, 340-345 (1979). The Eleventh Amendment applies to all suits against the state and its agencies, regardless of the relief sought. *See Higganbotham v. Okla. Transp. Comm'n*, 328 F.3d 638, 644 (10th Cir. 2003).

Plaintiff also may not sue parole board members for money damages. Parole board members enjoy absolute immunity from damages liability for actions taken in the performance of the board's official duties regarding the granting or denying of parole. *Russ v. Uppah*, 972 F.2d 300, 303 (10th Cir. 1992).

To the extent that Plaintiff challenges the revocation of his parole, he is seeking habeas corpus relief. If Plaintiff wishes to challenge the validity of the revocation, he may do so in a separate action in this Court only by filing an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *See Preiser v. Rodriguez*,

411 U.S. 475, 484 (1973).

As for Defendants' failure to perform a sex offender evaluation prior to his release, Plaintiff "must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). The general rule that *pro se* pleadings must be construed liberally has limits and "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

Plaintiff further is advised that § 1983 "provides a federal cause of action against any person who, acting under color of state law, deprives another of his federal rights." *Conn v. Gabbert*, 526 U.S. 286, 290 (1999); *see also Wyatt v. Cole*, 504 U.S. 158, 161 (1992) ("[T]he purpose of § 1983 is to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails."). Therefore, Plaintiff should name as defendants in his Amended Complaint only those persons that he contends actually violated his federal constitutional rights. Accordingly, it is

ORDERED that **within thirty days from the date of this Order** Plaintiff file an Amended Prisoner Complaint that complies with the directives discussed in this Order. It is

FURTHER ORDERED that Plaintiff shall obtain the Court-approved Prisoner Complaint form (with the assistance of his case manager or the facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov. It is

FURTHER ORDERED that, if Plaintiff fails to file an Amended Prisoner Complaint that complies with this Order within the time allowed, the Complaint and action will be dismissed without further notice.

DATED at Denver, Colorado, this  6th  day of   August               , 2013.

BY THE COURT:

 s/ Craig B. Shaffer
United States Magistrate Judge